MICHAEL CECI *v.* NATIONAL INDEMNITY COMPANY
(10112)

DALY, O'CONNELL and FOTI, Js.

Argued December 2, 1991—decision released February 18, 1992

*Steven D. Jacobs,* with whom, on the brief, were *Richard L. Jacobs* and *Rachel M. Dufault,* law student intern, for the appellant (plaintiff).

*Daniel P. Scapellati,* with whom, on the brief, was *John W. Lemega,* for the appellee (defendant).

DALY, J. The plaintiff, Michael Ceci, appeals from the trial court's decision confirming an arbitration award rendered in favor of the defendant insurance company. The trial court concluded that because the policy was unambiguous, the plaintiff was not covered

by the policy issued to his employer, Victor Ceci Refuse, Inc., a family owned business. We affirm the judgment of the trial court.

The trial court found the following facts. On September 13, 1986, the plaintiff was a pedestrian when he was struck by an underinsured motorist. He requested uninsured motorist benefits pursuant to a business automobile policy of insurance issued by the defendant to Victor Ceci Refuse, Inc. The policy was effective from July 15, 1986, through July 15, 1987, and covered three pickup trucks and two trucks owned by the corporation. The policy identified Victor Ceci, Inc., as the "named insured" and did not identify any individual officers or employees. The policy classified the insured's business as a corporation.

At issue in this case are the provisions of the insurance policy that dealt with uninsured motorist coverage. According to these provisions, the defendant would pay for damages caused by an uninsured vehicle. Individuals covered by this provision included: "(1) you or any family member (2) anyone else occupying a covered auto or a temporary substitute for covered auto." The policy defined " 'Family member' " as "a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child." The policy defined "occupying" as "in, upon, getting in, on or off."

The plaintiff submitted his claim for uninsured motorist benefits to an arbitration panel. The arbitrators denied the plaintiff's claim for coverage, finding that because the plaintiff was neither a family member of the named insured nor occupying any of the insured vehicles, he was not an insured under the policy. The plaintiff filed an application to vacate the arbitration award. The defendant asserted a counterclaim seeking to confirm the decision of the arbitration panel. The

trial court rendered judgment in favor of the defendant by confirming the arbitration award. The plaintiff appealed that decision to this court.

The plaintiff contends that the trial court incorrectly concluded that the policy was unambiguous. He argues that because the policy was issued to a corporation, the language referring to coverage of family members created an ambiguity in the policy's coverage that should be resolved in his favor. The plaintiff argues that the provisions dealing with uninsured motorists are ambiguous because the language indicates that these provisions covered persons and their families, unlike the rest of the policy which involves the named insured corporation. The plaintiff argues that the references to family members and bodily injuries apply only to persons and not to a corporation. Thus, according to the plaintiff, because the policy language has two different definitions of who is insured, it is ambiguous and should be construed in favor of the plaintiff. We disagree.

We begin by noting that an ambiguous provision in an insurance policy is to be construed in favor of the insured. *Schultz* v. *Hartford Fire Ins. Co.,* 213 Conn. 696, 702, 569 A.2d 1131 (1990). Before an insured can take advantage of this principle, however, there must be a finding that the insurance policy provisions were in fact ambiguous. *Hammer* v. *Lumberman's Mutual Casualty Co.,* 214 Conn. 573, 583–84, 573 A.2d 699 (1990). The trial court's conclusion that the policy provision was not ambiguous was a legal conclusion concerning the construction of the contract, which is subject to de novo review on appeal. *Aetna Life & Casualty Co.* v. *Bulaong,* 218 Conn. 51, 58, 588 A.2d 138 (1991).

Under Connecticut law, the named insured refers only to the name actually appearing on the insurance

policy. *Testone* v. *Allstate Ins. Co.,* 165 Conn. 126, 129–30, 328 A.2d 686 (1973). *Testone* involved an employee injured by an uninsured motorist during the course of his employment. The employee sought coverage under the employer's uninsured vehicle provisions. The named insured was a corporation and the policy protected "against damages caused by an uninsured vehicle to '(a) the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either . . . .' " Id. The court determined that he was not entitled to protection under the uninsured policy provision. Id., 130. The court looked to the language of the policy and held that because the employee was not a "designated insured," he was not covered by the corporation's policy. It is important to note that our Supreme Court did not find that the policy language referring to a "spouse and relatives" of the named insured, the corporation, to be ambiguous or misleading.

According to the language of the policy in this case, Victor Ceci Refuse, Inc., was the named insured. The policy did not list any other people as designated insureds. The policy specifically stated that "you" and "your" referred to the "name insured," Victor Ceci Refuse, Inc. Because the plaintiff was not the named insured, to be entitled to uninsured motorist coverage, he must satisfy one of the provisions referring to who is insured. The resolution of this case turns on whether the language referring to "you or any family member" applied to the plaintiff in this case.

Neither our Supreme Court nor this court has interpreted language referring to a "family member" in a policy where the named insured is a corporation. A corporation is a distinct legal entity that acts only through its agents. *Lieberman* v. *Reliable Refuse Co.,* 212 Conn. 661, 673, 563 A.2d 1013 (1989). Although the plaintiff is the brother of the owner of the corporation, he cannot

be related to a corporation. The inclusion of language concerning family members in a policy issued to a corporation does not make the policy ambiguous. Because it is clear that the plaintiff could not be related to the corporation, there was no ambiguity that would entitle him to coverage based on the presumption favoring an insured where an insurance policy is ambiguous.

The plaintiff's status as an employee of the named insured corporation also fails to bring him within the uninsured motorist provision for family members. We adopt the majority position that employees do not qualify for uninsured motorist benefits as "family members" of a corporation by which they are employed. *Hogan* v. *Mayor & Aldermen of Savannah,* 171 Ga. App. 671, 672, 320 S.E.2d 555 (1984); *Kaysen* v. *Federal Ins. Co.,* 268 N.W.2d 920, 923–24 (Minn. 1978); *Cutter* v. *Maine Bonding & Casualty Co.,* 133 N.H. 569, 573, 579 A.2d 804 (1990); *Giambri* v. *Government Employees Ins. Co.,* 170 N.J. Super. 140, 143, 405 A.2d 872 (1979), aff'd, 174 N.J. Super. 162, 415 A.2d 1202 (App. Div. 1980) (per curiam); *Buckner* v. *Motor Vehicle Accident Indemnity Co.,* 66 N.Y.2d 211, 214, 486 N.E.2d 810, 495 N.Y.S.2d 952 (1985); *Dixon* v. *Gunter,* 636 S.W.2d 437, 440–41 (Tenn. App. 1982).

The reasoning for this rule as explained by the Court of Appeals of New York in *Buckner* v. *Motor Vehicle Accident Indemnity Co.,* supra, is persuasive. In that case, the plaintiff, a child of the sole shareholder of a family owned corporation was struck while riding his bicycle by a hit-and-run driver. The plaintiff had worked part-time for the corporation but was not involved in the corporation's business when he was injured. The plaintiff sought uninsured motorist benefits under the corporation's insurance policy. The language of the policy was very similar to the language in the policy at issue in this case. The court noted that an average person reading the entire policy would conclude that

a corporation could not have family members related by blood, marriage or adoptions. *Buckner* v. *Motor Vehicle Accident Indemnity Co.*, supra, 214. The court noted that its construction of this provision concerning a family member of a corporation did not render the uninsured vehicle coverage without meaning because the other provision covered "any person while occupying an automobile owned by the corporation . . . ." Id., 215. In this case, the uninsured vehicle provision also covers other persons who occupy a covered automobile, so our construction of the inapplicability of the family member provision does not leave the uninsured vehicle provision without meaning.

The plaintiff argues that the family member provision of the insurance policy must be construed to cover his claim. His argument is based on the principle that " '[e]very provision [of a contract of insurance] is to be given effect, if possible, and no word or clause eliminated as meaningless, or disregarded as inoperative, if any reasonable meaning consistent with the other parts of the policy can be given to it.' " *A.M. Larson Co.* v. *Lawlor Ins. Agency, Inc.*, 153 Conn. 618, 622, 220 A.2d 32 (1966), quoting *Downs* v. *National Casualty Co.*, 146 Conn. 490, 495, 152 A.2d 316 (1959). The policy in this case was issued to a corporation, not an individual person. The endorsement concerning uninsured motorist coverage was to be read in light of the entire policy. It is impossible to give any reasonable meaning to "family member" that would qualify the plaintiff as a family member of a corporation. Construing this insurance policy as a layperson would understand it; *Cody* v. *Remington Electric Shavers*, 179 Conn. 494, 497, 427 A.2d 810 (1980); there is no reasonable interpretation of the family member provision that would entitle the plaintiff to recover under this policy.

When interpreting an insurance policy, "[a] court will not torture words to import ambiguity where the ordi-

nary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings." *Downs* v. *National Casualty Co.,* supra, 494–95. The language of the uninsured motorist provision was clear and unambiguous. We will not torture the meaning of family member to accept the plaintiff's claim that he was related to the corporation.

We conclude that the trial court's decision confirming the arbitration panel's ruling was proper.

The judgment is affirmed.

In this opinion the other judges concurred.