## MICHAEL CECI v. NATIONAL INDEMNITY COMPANY (14524)

PETERS, C. J., BORDEN, BERDON, NORCOTT and KATZ, Js.

Argued January 5—decision released March 23, 1993

*Steven D. Jacobs,* with whom, on the brief, were *Richard L. Jacobs* and *Rachel M. DuFault,* law student intern, for the appellant (plaintiff).

*John W. Lemega,* with whom was *Daniel P. Scapellati,* for the appellee (defendant).

KATZ, J. The principal issue in this appeal is whether, under the facts of this case, the plaintiff is entitled to underinsured motorist benefits, as a "family member" of the insured, pursuant to the business automobile insurance policy issued by the defendant to the plaintiff's corporate employer.[1] The plaintiff, Michael Ceci, having sustained injuries as a pedestrian when he was struck by an underinsured motorist, sought to recover underinsured motorist benefits under a business automobile insurance policy issued by the defendant, National Indemnity Company, to Victor Ceci Refuse, Inc., a corporation operated by the plaintiff's family. Following the trial court's decision confirming an arbitration award rendered in favor of the defendant, the plaintiff appealed to the Appellate Court, which affirmed the judgment of the trial court and concluded that because the policy issued to his family's corporation was unambiguous, the plaintiff was not covered by it. *Ceci v. National Indemnity Co.,* 26 Conn. App. 661, 603 A.2d 412 (1992). We granted the plaintiff's petition for certification to appeal[2] and now reverse the judgment of the Appellate Court.

---

[1] Uninsured and underinsured motorist coverage is governed by General Statutes § 38-175c, now recodified as General Statutes § 38a-336. "[S]tatutory provisions relating expressly to uninsured motorist coverage apply also to underinsured motorists." *American Motorists Ins. Co.* v. *Gould,* 213 Conn. 625, 628, 569 A.2d 1105 (1990).

[2] Certification was granted limited to the following issue: "Did the Appellate Court properly determine that, under the facts of this case, the plain-

The Appellate Court opinion sets forth the following undisputed facts. "On September 13, 1986, the plaintiff was a pedestrian when he was struck by an underinsured motorist. He requested uninsured motorist benefits pursuant to a business automobile policy of insurance issued by the defendant to Victor Ceci Refuse, Inc. The policy was effective from July 15, 1986, through July 15, 1987, and covered three pickup trucks and two trucks owned by the corporation. The policy identified Victor Ceci Refuse, Inc., as the 'named insured' and did not identify any individual officers or employees. The policy classified the insured's business as a corporation.

"At issue in this case are the provisions of the insurance policy that dealt with uninsured motorist coverage. According to these provisions, the defendant would pay for damages caused by an uninsured vehicle. Individuals covered by this provision included: '(1) you or any family member (2) anyone else occupying a covered auto or a temporary substitute for covered auto.' The policy defined ' "Family member" ' as 'a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.' The policy defined 'occupying' as 'in, upon, getting in, on or off.'

"The plaintiff submitted his claim for uninsured motorist benefits to an arbitration panel. The arbitrators denied the plaintiff's claim for coverage, finding that because the plaintiff was neither a family member of the named insured nor occupying any of the insured vehicles, he was not an insured under the policy. The plaintiff filed an application to vacate the arbitration award. The defendant asserted a counterclaim seeking to confirm the decision of the arbitration panel.

tiff was not entitled to uninsured motorist insurance benefits pursuant to the business auto policy issued by the defendant?" *Ceci* v. *National Indemnity Co.*, 221 Conn. 927, 608 A.2d 689 (1992).

The trial court rendered judgment in favor of the defendant by confirming the arbitration award. The plaintiff appealed that decision to [the Appellate Court]." *Ceci* v. *National Indemnity Co.*, supra, 662–63.

The Appellate Court agreed with the defendant that "[b]ecause it is clear that the plaintiff could not be related to the corporation, there was no ambiguity that would entitle him to coverage based on the presumption favoring an insured where an insurance policy is ambiguous." Id., 665. The Appellate Court accepted the defendant's argument that a plain reading of the entire policy leads to the conclusion that a corporation could not have family members related by blood, marriage or adoption, and concluded that no reasonable interpretation of the family member provision would entitle the plaintiff to recover under this policy. Id., 665–66. We disagree.[3]

The provisions of the policy issued by the defendant cannot be construed in a vacuum. *Chmielewski* v. *Aetna Casualty & Surety Co.*, 218 Conn. 646, 670, 591 A.2d 101 (1991). They should be construed from the perspective of a reasonable layperson in the position of the purchaser of the policy. *Travelers Ins. Co.* v. *Kulla*, 216 Conn. 390, 402, 579 A.2d 525 (1990); *Allstate Ins. Co.* v. *Ferrante*, 201 Conn. 478, 487, 518 A.2d 373 (1986); *Cody* v. *Remington Electric Shavers*, 179 Conn. 494, 497, 427 A.2d 810 (1980). This analysis is necessarily fact oriented and is not based solely upon general propositions. A determination of the meaning of the term "family member" in the context of the insurance policy requires careful consideration of the

---

[3] Issues of uninsured motorist coverage are required to be arbitrated. *Bodner* v. *United Services Automobile Assn.*, 222 Conn. 480, 488, 610 A.2d 1212 (1992). "In reviewing [such] compulsory arbitration cases, this court must conduct a de novo review of the arbitrators' interpretation and application of the law." *Lumbermens Mutual Casualty Co.* v. *Huntley*, 223 Conn. 22, 26, 610 A.2d 1292 (1992).

" 'situation [of the parties] to that policy and the circumstances connected with the transaction.' " *Leonard Concrete Pipe Co.* v. *C. W. Blakeslee & Sons, Inc.*, 178 Conn. 594, 598, 424 A.2d 277 (1979), quoting *Ives* v. *Willimantic,* 121 Conn. 408, 411, 185 A. 427 (1936).

This policy was prepared for the defendant by underwriter Nancy Belliveau, who used only one underinsured motorist coverage endorsement in all automobile liability policies: the one appended to the Victor Ceci Refuse, Inc. policy. Belliveau had considerable information about the insured when she prepared the policy. Belliveau knew that Victor Ceci Refuse, Inc., was a small, family operated business, and that the plaintiff is the brother of Victor Ceci, the corporation's sole shareholder. The plaintiff was an employee of the insured corporation and was listed as one of the three drivers on the schedule of drivers section of the application submitted to the defendant. The other drivers were family members Victor Ceci and Louis Ceci, who ran the business. Victor Ceci advised Belliveau that the drivers of the vehicles were not covered by the Workers' Compensation Act because the business was owner operated.[4] She knew that the five named vehicles were kept at 4 Seitz Lane, Cos Cob, which is where the business was located and where the plaintiff resided with Victor and Louis Ceci, another brother, a sister and

---

[4] Victor Ceci believed that his owner operated business was not eligible for workers' compensation coverage. At the time of the plaintiff's accident, the relevant workers' compensation provision stated: "(5) 'Employee' . . . shall not be construed to include . . . (c) a member of the employer's family dwelling in his house; but, if in any contract of insurance the wages or salary of a member of the employer's family dwelling in his house is included in the payroll on which the premium is based, then such person shall, in the event of his sustaining an injury arising out of and in the course of his employment, be deemed an employee and compensated accordingly. . . ." General Statutes (Rev. to 1985) § 31-275 (5) (C), now recodified and reorganized as General Statutes § 31-275 (9) (B) (iii). Because it is only Victor Ceci's communication to Belliveau that is relevant to this analysis, we need not address the accuracy of his belief.

their mother. Consequently, the policy endorsement had not been prepared in a vacuum. It is undisputed that Victor Ceci Refuse, Inc., was a small family owned and family operated business. It is with regard to these particular facts that we construe the policy.

The policy in effect at the time of the plaintiff's accident provided the following:

"PART I — WORDS AND PHRASES WITH SPECIAL MEANING — READ THEM CAREFULLY . . .

"A. 'You' and 'your' mean the person or organization shown as the named insured in ITEM ONE of the declarations. . . .

"F. 'Insured' means any person or organization qualifying as an insured in the WHO IS INSURED section of the applicable insurance. Except with respect to our limit of liability, the insurance afforded applies separately to each insured who is seeking coverage or against whom a claim is made or suit is brought. . . .

"PART IV — LIABILITY INSURANCE. . . .

"D. WHO IS INSURED.

"1. You are an insured for any covered auto.

"2. Anyone else is an insured while using with your permission a covered auto you own, hire or borrow except . . . ."

The uninsured motorists insurance endorsement to the policy provided the following:

"THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

"UNINSURED MOTORISTS INSURANCE

"A. WORDS AND PHRASES WITH SPECIAL MEANING. . . .

"1. *'Family member' means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.* . . .

"D. WHO IS INSURED

"1. *You or any family member.*

"2. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction. . . ." (Emphasis added.)

According to well established principles governing the construction of insurance polices, an ambiguous provision in an insurance policy will be construed to favor the insured. *S & S Tobacco & Candy Co.* v. *Greater New York Mutual Ins. Co.*, 224 Conn. 313, 320, 617 A.2d 1388 (1992); *Streitweiser* v. *Middlesex Mutual Assurance Co.*, 219 Conn. 371, 375, 593 A.2d 498 (1991); *Schultz* v. *Hartford Fire Ins. Co.*, 213 Conn. 696, 702, 569 A.2d 1131 (1990); *Beach* v. *Middlesex Mutual Assurance Co.*, 205 Conn. 246, 250, 532 A.2d 1297 (1987). The plaintiff contends that the term "family members" is ambiguous in the circumstances of this case because it is unclear what meaning should be attributed to the inclusion of a "family member" limitation in an uninsured motorists endorsement attached to a business policy issued to a corporation. Specifically, the plaintiff argues that the language in the endorsement reflects coverage to natural persons and their families, unlike the liability portion of the policy that involves only the named insured corporation.

The defendant, on the other hand, maintains that the language in the policy is clear and unambiguous because a corporation cannot have "family members." Because it is a distinct legal entity, a corporation can act only through its agents. *Lieberman* v. *Reliable Refuse Co.*, 212 Conn. 661, 673, 563 A.2d 1013 (1989). Even though

the plaintiff is the brother of the corporation's sole stockholder, he cannot be related to the corporation. The defendant contends, therefore, that the language concerning family members in a policy issued to a corporation is merely superfluous and does not serve to undermine the clarity of the policy.

Before we can construe the terms of the policy in the plaintiff's favor as he suggests, we must first determine whether the policy provision is ambiguous. *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 583–84, 573 A.2d 699 (1990). The only question of interpretation in this case is whether "family member" was intended to define persons insured under the policy. The ultimate question of intent involves an analysis regarding the coverage that the insured expected to receive and the coverage that the insurance company expected to provide as set forth in the provisions of the policy. Id., 583.

"Under Connecticut law, the named insured refers only to the name actually appearing on the insurance policy. *Testone* v. *Allstate Ins. Co.*, 165 Conn. 126, 129–30, 328 A.2d 686 (1973)." *Ceci* v. *National Indemnity Co.*, supra, 663–64. According to the language of the policy in this case, only Victor Ceci Refuse, Inc., was the named insured and no others were designated insured individuals. "You" and "your" referred to the "named insured"; "insured" meant anyone qualifying as an insured in the "WHO IS INSURED" section. In the liability section, "WHO IS INSURED" referred solely to you or a person using a covered automobile with your permission. Accordingly, only persons injured while occupying a covered automobile would be considered insured with respect to liability insurance under the policy.

The endorsement adding uninsured motorist insurance specifically included terms not previously used,

which the insurer cautioned had special meaning. The endorsement provided that " 'Family member' means a person related to you . . .'"; and defined "WHO IS INSURED" as "D. . . . 1. You or any family member"; and "D. . . . 2. Anyone else occupying a covered auto or a temporary substitute . . . ."

The parties agree that the plaintiff did not fall within section D.2. of the uninsured motorists endorsement because he was not occupying any vehicle at the time of the accident. Moreover, the plaintiff did not fall within that portion of section D.1. of that endorsement referring to "You" because he was not the named insured or a designated insured. Thus, the plaintiff could not recover underinsured benefits unless he was a "family member" of the corporation.

The defendant argues that the inclusion of family members in a business policy did not make the policy ambiguous. We disagree. An endorsement that specifically added coverage for "family members," as did this one, would reasonably be understood as providing uninsured motorist insurance for members of the Ceci family independent of whether they were occupying a covered automobile at the time of injury. "It is a basic principle of insurance law that policy language will be construed as laymen would understand it and not according to the interpretation of sophisticated underwriters, and that ambiguities in contract documents are resolved against the party responsible for its drafting; the policyholder's expectations should be protected as long as they are objectively reasonable from the layman's point of view." *Cody* v. *Remington Electric Shavers,* supra, 497.

The premise behind the rule is simple. " 'The party who actually does the writing of an instrument will presumably be guided by his own interests and goals in the transaction. He may choose shadings of expression,

words more specific or more imprecise, according to the dictates of these interests.' " *Simses* v. *North American Co. for Life & Health Ins.*, 175 Conn. 77, 85, 394 A.2d 710 (1978), quoting *Ravitch* v. *Stollman Poultry Farms, Inc.*, 165 Conn. 135, 146 n.8, 328 A.2d 711 (1973). "A further, related rationale for the rule is that '[s]ince one who speaks or writes, can by exactness of expression more easily prevent mistakes in meaning, than one with whom he is dealing, doubts arising from ambiguity are resolved in favor of the latter.' " *Simses* v. *North American Co. for Life & Health Ins.*, supra, quoting 4 S. Williston, Contracts (3d Ed. Jaeger 1961) § 621, pp. 760–61.

The language relating to "family members" in a policy insuring a corporation was not required. The defendant could have omitted section D.1. of the uninsured motorists endorsement of this corporate auto policy.[5] Without this section, there would have been no ambiguity. Additionally, the defendant could have alerted the insured to the lack of personal coverage under the policy so that the Ceci family could have pursued alternate avenues for coverage of family members who could be injured by an underinsured motorist other than while driving in one of the five corporate vehicles. For example, the insurance policy could have identified the corporate officers, Victor and Louis Ceci, or the sole stockholder, Victor Ceci, as a "designated insured." This would have easily removed any ambiguity.

Because corporations do not have families, uninsured motorist endorsements containing family member lan-

---

[5] The plaintiff also argues that it would be a violation of public policy for an insurer to collect a premium for coverage that is nonexistent. A separate uninsured motorist premium of $58 per vehicle had been paid by Victor Ceci Refuse, Inc. The uninsured motorist benefits, however, were provided through section D.2. of the policy endorsement; therefore, even were we to find the "family member" provision of section D.1 a nullity, this interpretation would not render the coverage for each vehicle illusory.

guage should not be appended to business automobile liability insurance policies. If they are, then, in keeping with the consumer oriented spirit of the rules of insurance policy construction, the claimed ambiguity should be construed from the standpoint of the reasonable layperson[6] in the position of the insured and not according to the interpretation of trained underwriters. *Cody* v. *Remington Electric Shavers,* supra.

By inserting a family member provision in a business policy, the defendant has left the Cecis in the unenviable position of having to divine the meaning and purpose of the family member language in the context of the policy. This is precisely the problem that the rules of insurance policy construction were designed to avoid. See General Statutes §§ 38a-297 through 38a-299 (insurance coverage shall be "readily understandable"). The position proposed by the defendant and adopted by the Appellate Court, that only those persons covered by section D.2. of the endorsement are entitled to underinsured benefits, renders section D.1. of the endorsement meaningless. Although some jurisdictions, as cited by the defendant,[7] are not troubled by an interpretation of an insurance policy that creates a nullity of some provisions, we have consistently stated that " '[i]f it is reasonably possible to do so, every provision of an insurance policy must be given operative effect' "; *Kelly* v. *Figueiredo,* 223 Conn. 31, 36, 610 A.2d 1296 (1992), quoting *Streitweiser* v. *Middlesex Mutual Assur-*

---

[6] When construing an ambiguous provision of an insurance policy, we look to the expectations of the purchaser of the policy. *Travelers Inc. Co.* v. *Kulla,* 216 Conn. 390, 402, 579 A.2d 525 (1990). Indeed, had the Cecis been forced to provide an interpretation of "family members," they had their two personal policies, issued by Royal Indemnity Company and Aetna Casualty and Surety Company, each of which contained the "family member" language, to consult.

[7] See, e.g., *Hogan* v. *Mayor & Aldermen of Savannah,* 171 Ga. App. 671, 320 S.E.2d 555 (1984); *Polzin* v. *Phoenix of Hartford Ins. Cos.,* 5 Ill. App. 3d 84, 283 N.E.2d 324 (1972); *Sears* v. *Wilson,* 10 Kan. App. 2d 494, 704 P.2d 389 (1985).

*ance Co.,* supra, 376; "because parties ordinarily do not insert meaningless provisions in their agreements." *Connecticut Co.* v. *Division 425,* 147 Conn. 608, 617, 164 A.2d 413 (1960); *A. M. Larson Co.* v. *Lawlor Ins. Agency, Inc.,* 153 Conn. 618, 622, 220 A.2d 32 (1966).

The endorsement attached to the policy issued to Victor Ceci Refuse, Inc., is used by the defendant in all of its business policies. The defendant could have clarified or omitted the problematic language to provide notice to the Cecis of the precise nature of the coverage that was being purchased. It failed to do so, and instead highlighted these significant changes to the insured, thereby creating the ambiguity in the policy. "This is the kind of case that has been described as 'one where no principle of law is involved, but only the meaning of careless and slovenly documents.' " *Robinhorne Construction Corporation* v. *Snyder,* 47 Ill. 2d 349, 358, 265 N.E.2d 670 (1970). Having caused the problem, the defendant cannot now ignore it.

The judgment is reversed and the case is remanded to the Appellate Court with direction to remand the case to the trial court with direction to render judgment (1) granting the plaintiff's application to vacate the arbitration award, and (2) denying the defendant's application to confirm the award.

In this opinion PETERS, C. J., BERDON and NORCOTT, Js., concurred.

BORDEN, J., concurring. I view this case somewhat differently from and more narrowly than does the majority. In my view, this case involves the clash of two competing and, in the context of this case, inconsistent canons of construction of insurance policies: (1) unambiguous language must be given its plain meaning; and (2) a policy should not be interpreted so as to render any part of it superfluous.

It is difficult for me to conclude, even in this factual context, that the policy provision at issue is ambiguous. One simply cannot be a "family member" of a corporation. At the same time, construing the provision in accordance with its plain meaning clearly renders the "family member" clause superfluous.

Thus, if we follow canon (1) above, the defendant would prevail; if we follow canon (2), the plaintiff would prevail. In order to decide this case, therefore, we have to violate one of the two canons. Because the defendant is charged with having "drafted" the policy language in question, by virtue of the underwriter having appended the inapt endorsement, I would opt to follow canon (2) and violate canon (1). I therefore join in the judgment of the court.