[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATION TO VACATE ARBITRATION AWARD
The plaintiff, Colleen Hansen, as executrix and individually, filed this Application to Vacate the Arbitration Award dated June 15, 1995 rendered by a three-member arbitration panel. The Defendant, Ohio Casualty Insurance Company, A/K/A West American Insurance Company (hereinafter "Ohio"), seeks to confirm the award. The Plaintiff alleges that Ohio issued an automobile liability policy (the "Policy") to West Wharf Garage, Inc. (the "Corporation"). The Plaintiff and her husband were the sole shareholders and principal officers of the Corporation. Richard Hansen was the mechanic and managed the garage, and Colleen Hansen was the bookkeeper who participated in the day-to-day operations of the garage. Two vehicles were covered by the Policy as well as three repair plates, all of which were charged separate premiums for uninsured motorist coverage.
Richard Hansen was killed in an accident in Vermont when the snowmobile he was operating collided with an underinsured motor vehicle. The policy limits of $120,000 on the driver and owner of the vehicle causing the death of Richard Hansen have been exhausted. The Plaintiff seeks uninsured motorist coverage for his personal injuries suffered under the Policy. The parties proceeded to arbitration on the question of coverage for Colleen Hansen and the estate. The majority of the arbitration panel concluded that the Hansens were not insured under the Policy and CT Page 12520-K one member dissented. (See Appendix F of Plaintiffs' Brief.)
In her application, the plaintiff claims, inter alia, that the arbitrators exceeded their powers and or so imperfectly executed them that a mutual, final, definite award upon the subject matter submitted was not made; that the arbitrators are guilty of misconduct because they refused to hear evidence regarding Colleen Hansen's expectations of coverage under the Policy; that the arbitrators erroneously concluded the defendant's intent regarding the drafting of the Policy language when no evidence was proffered or admitted regarding that intent; and disregarded prevailing applicable state law as to the interpretation of insurance contracts with respect to (1) ambiguous language, (2) superfluous and meaningless provisions, and (3) reasonable expectations of the parties.
The defendant filed its answer to the plaintiff's application to vacate and a counterclaim seeking confirmation of the arbitrators' decision. The parties have filed briefs and reply briefs in support of their respective positions.
The Connecticut Uninsured Motorist Coverage endorsement attached to the Policy provides, in pertinent part, in section A, entitled "Coverage," "[w]e will pay all sums the `insured' is legally entitled to recover as compensatory damages from the owner or driver of an `uninsured motor vehicle.' The damages must result from `bodily injury' sustained by the `insured' caused by an `accident.' The owner's or driver's liability for these damages must result from the ownership, maintenance or use [of] the `uninsured motor vehicle.'" Section B defines "Who is an Insured," as "1. You. 2. If you are an individual, any `family member.' 3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' . . . 4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'" Elsewhere in the Policy under the heading "Garage Coverage Form" are the words: "Throughout this Policy the words `you' and `your' refer to the Named Insured shown in the Declarations." "Under Connecticut law, the named insured refers only to the name actually appearing on the insurance policy." Testone v. Allstate Ins. Co., 165 Conn. 126,129-30, 328 A.2d 686 (1973).
In their decision, the majority of the arbitrators found the above quoted language to be clear and unambiguous. The majority found that "you" in the Policy meant the West Wharf Garage, Inc. CT Page 12520-L The majority further found that "[t]he drafters of the policy sought to overcome the ambiguity cited by the Supreme Court inCeci v. National Indemnity Co., 225 Conn. 165, at 173, by including subsection B.2. — `If you are an individual, any "family member.'" . . . This proviso is totally conditional and dependent upon the status of the named insured, you. If you, the named insured, are an individual, then any family member is covered. In this case the condition is not met. West Wharf Garage, Inc., is not an individual, and therefore, B.2. does not apply." (Emphasis in original) (Majority Decision, p. 3, Appendix F).
The dissenting arbitrator found that the principles stated in the Ceci case should be applied, but were disregarded by the majority. The dissenting arbitrator found that in this case, as in Ceci, the defendant created an ambiguity in the Policy by using language that refers to natural persons (you "and bodily injury") in the context of a business policy. "The fact that . . . Policy in question might be utilized with various types of entities, corporations, partnerships and individualsdoes not obviate the statutory requirements that the language be clear, concise and unambiguous in every context."
"Upon judicial review of compulsory arbitration proceedings pursuant to 38a-336(c), `the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators.' American Universal Ins. Co. v. DelGreco,205 Conn. 178, 191, 530 A.2d 171 (1987)." Stephan v. PennsylvaniaGeneral Ins. Co., 224 Conn. 758, 763, 621 A.2d 258 (1993). "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact. . . . where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Citations omitted, internal quotation marks omitted.) Levine v. Massey, 232 Conn. 272, 277-78, (1995).
"`An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy.'Schultz v. Hartford Fire Ins. Co., 213 Conn. 696, 702,569 A.2d 1131 (1990)." Stephan v. Pennsylvania General Ins. Co., supra,224 Conn. 763. "It is the general rule that a contract is to be interpreted according to the intent expressed in its language and CT Page 12520-M not by an intent the court may believe existed in the minds of the parties. . . . When the intention conveyed by the terms of an agreement is clear and unambiguous, there is no room for construction." Levine v. Massey, supra, 232 Conn. 278. "The policy words must be accorded their natural and ordinary meaning." Kelly v. Figueiredo, 223 Conn. 31, 35, 610 A.2d 1296
(1992). A court cannot import into an agreement a different provision nor can the construction of the agreement be changed to vary the express limitations of its terms. Levine v. Massey,
supra, 278. "If it is reasonably possible to do so, every provision of an insurance policy must be given operative effect."Kelly v. Figueiredo, supra, 36. "Under well established rules of construction, any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy. Streitweiser v. Middlesex MutualAssurance Co., 219 Conn. 371, 375, 593 A.2d 498 (1991). This rule of construction may not be applied, however, unless the policy terms are indeed ambiguous. Kelly v. Figueiredo, supra, 37."Stephan v. Pennsylvania General Ins. Co., supra, 224 Conn. 763.
"The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity. . . . The circumstances surrounding the making of the contract, the purpose which the parties sought to accomplish and their motives cannot prove an intent contrary to the plain meaning of the language used. . . . It is axiomatic that a party is entitled to rely upon its written contract as the final integration of its rights and duties. . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms." (Citations omitted; internal quotation marks omitted.) Levine v. Massey, supra,232 Conn. 279. The mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous. Stephan v.Pennsylvania General Ins. Co., supra, 224 Conn. 763-64.
In Ceci v. National Indemnity Co., 225 Conn. 165,622 A.2d 545 (1993), the plaintiff claimed that the term "family member" was ambiguous because it was unclear what meaning should be attributed to the inclusion of a "family member" limitation in an uninsured motorist endorsement attached to a business policy issued to a corporation. Id., 171. The uninsured motorist endorsement in Ceci provided coverage for "(1) you or any family member (2) anyone else occupying a covered auto or a temporary substitute for covered auto." Id., 167. The Policy defined CT Page 12520-N "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child." Id. The arbitrators in Ceci denied the plaintiff's claim for coverage, finding that the plaintiff was not an insured under the contract because the plaintiff was neither a family member of the named insured nor occupying any of the insured vehicles. The trial court confirmed the arbitration award, and the appellate court affirmed the trial court's decision. Ceci v.National Indemnity Co., 26 Conn. App. 661, 603 A.2d 412 (1992).
Our Supreme Court reversed. Ceci v. National Indemnity Co.,
supra, 225 Conn. 165. The court found the term "family member" in the uninsured motorist provision in a business automobile insurance policy providing coverage for "you or any family member" to be ambiguous under the circumstances. Ceci v. NationalIndemnity Co., supra, 225 Conn. 173. The court reasoned: "Because corporations do not have families, uninsured motorist endorsements containing family member language should not be appended to business automobile liability insurance policies. If they are, then, in keeping with the consumer oriented spirit of the rules of insurance policy construction, the claimed ambiguity should be construed from the standpoint of the reasonable lay person in the position of the insured and not according to the interpretation of trained underwriters." Id., 174-75. The court further stated: "By inserting a family member provision in a business policy, the defendant has left the Cecis in the unenviable position of having to divine the meaning and purpose of the family member language in the context of the policy. This is precisely the problem that the rules of insurance policy construction were designed to avoid." Id., 175.
In this case, the "Who is Covered" section of the endorsement is the only place that the condition "if you are an individual" appears. The endorsement makes frequent reference to "bodily injury," which can only be sustained by natural persons. In light of these considerations, this court finds that even though the endorsement in the present case contains the condition for coverage of family members, "if you are an individual," in the "Who is Covered" section, this provision does not eliminate the confusion noted in Ceci of having family member language in a policy naming the corporation as the insured. In this case, as inCeci, the language relating to family members in a policy insuring a corporation was not required. See Ceci v. NationalIndemnity Co., supra, 225 Conn. 174. As in Ceci, "[t]he defendant could have clarified or omitted the problematic language to CT Page 12520-O provide notice to the [plaintiff] of the precise nature of the coverage that was being purchased." Id., 176. "Additionally, the defendant could have alerted the insured to the lack of personal coverage under the policy so the [Hansen] family could have pursued alternate avenues for coverage of family members who could be injured by an underinsured motorist other than while driving in one of the corporate vehicles." Id., 174. The court finds that while the Ohio Policy contains the "if you are an individual" condition, any reference to family members in a business policy issued to a corporation is ambiguous in light of the Ceci decision, given "the consumer oriented spirit of the rules of insurance policy construction." Id., 175. The court finds that "[a]n endorsement that specifically added coverage for `family members,' . . . [could] reasonably be understood as providing uninsured motorist insurance for members of the [Hansen] family independent of whether they were occupying a covered automobile at the time of the injury." Ceci v. NationalIndemnity Co., supra, 225 Conn. 173.
"It is a basic principle of insurance law that policy language will be construed as laymen would understand it and not according to the interpretation of sophisticated underwriters, and that ambiguities in contract documents are resolved against the party responsible for its drafting; the policyholder's expectations should be protected as long as they are objectively reasonable from the layman's point of view." (Citations omitted; internal quotation marks omitted.) Id., 173. "The provisions of the policy issued to the defendant cannot be construed in a vacuum. . . . They should be construed from the perspective of a reasonable lay person in the position of the purchaser of the policy. . . . This analysis is necessarily fact oriented and is not based solely upon general propositions. A determination of the meaning of the term `family member' in the context of the . . . policy requires careful consideration of the situation [of the parties] to that policy and the circumstances connected with the transaction." (Citations omitted; internal quotations omitted.) Id., 168-69. The addition of five extra words, "if you are an individual," would not necessarily make the interpretation of the policy any less confusing to a reasonable lay person in the position of the plaintiff.
Accordingly, for the reasons outlined, the court finds that the language of the uninsured motorist endorsement in the Ohio Policy issued to West Wharf Garage, Inc. is ambiguous. CT Page 12520-P
The arbitration panel majority failed to conduct a fact-basis analysis of the circumstances surrounding the purchase of this Policy and expectations of the parties.
The application to vacate the arbitration award is granted.
Frank S. Meadow, State Trial Referee