[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 3298
The court will decide this case on the narrow legal issue presented. The court will assume that the policy submitted by the plaintiff was the operable policy at the time of the accident in question.
This action seeks to recover uninsured motorist benefits from the defendant Metropolitan Property and Casualty Insurance Company. The plaintiff was an insured under the policy. The plaintiff was involved in a serious accident while working for the City of New Haven. The parties have agreed and stipulated that he has received workers' compensation benefits in the amount of $201,712.07. The aggregate amount of uninsured motorist coverage available to the plaintiff under the policy is $150,000.
The defendant company interprets a provision of the policy as reducing its liability by the amount of workers' compensation benefits received already by the plaintiff. The amount of said benefits exceeds the sum total of insurance coverage available to the plaintiff. If the defendant is correct in its reading of the policy, judgment should enter in the defendant company's favor.
The plaintiff, however, maintains that any set off or reduction for workers' compensation benefits should be effective to reduce damages not coverage. If the plaintiff is correct the defendant would not be entitled to judgment based on this issue of law which is one of contract interpretation. A trial would then be held to determine which policy is operable, the one submitted by the plaintiff which is the subject of the present discussion or the policy that the defendant company says was in effect. If the latter policy was in effect at the relevant time in question, then the plaintiff concedes that under that policy his claim would fail.
Focusing on the policy the plaintiff says was in effect the argument is that it contains ambiguous language. Or to put it more exactly that language in the policy could be read in such a manner so as to support his claim that he is entitled to recover from the defendant despite the workers' compensation benefits he has received. Admittedly Section 38-334-6 permits an insurer to limit its liability but whether an insurance company has taken of the statute must be determined by policy language. It is also true, as the plaintiff notes, that there is a definitional CT Page 3299 distinction between "damages" and "coverage". Smith v. SafecoInsurance Co., 225 Conn. 566 (1993) notes the distinction but that case is not on point for the issue raised by this case.
In the uninsured motorist coverage section of this policy. The pertinent reduction clause in the policy now before the court says that:
 "Any amount payable for damages under this section will be reduced by all sums . . . (b) payable under a workers' compensation or any similar law." (emphasis added in plaintiff's brief).
The plaintiff argues that a reasonable construction of this clause from a layperson's perspective, Ceci v. National IndemnityCo., 225 Conn. 165, 168 (1993) is that it is intended to reduce the total damage and not to invoke a limitation of liability and/or reduction of coverage.
The plaintiff's position that the policy language is ambiguous and that therefore the construction he advances is reasonable from the hypothetical layperson's perspective is based on the definition of "damages" in Section VI of the policy, the definition section. In that section "damages" is defined as follows:
 "damage means the cost of paying those who suffer bodily injury or property damage. Damages do not include awards designated as punitive, exemplary, or statutory multiple damages except where you are found to be vicariously liable for the actions of others."
The word "damages" appears throughout the policy and there was certainly an important need to define what it was and what it was not. Nothing in the definition as such standing alone that is, is favorable to either side in this case. Like all words the meaning of this word and its applicability depends on the definition given to it but it is also true that the word must be examined in the context in which it is used. The plaintiff's argument seems to be rather straightforward. Given the broad definition of "damages" in the definitional section of the policy and transporting that definition into the contest of the isolated word "damages" used in the reduction clause, then certainly that CT Page 3300 clause can be read to say that the credit for workers' compensation benefits is against damages, not coverage.
It is true that any ambiguity in an insurance contract must be interpreted against the insurer as it must against the drafter of any contract. But that general principle doesn't permit a court to find ambiguities where none exist or to decline to apply long accepted principles of contract interpretation. An insurance policy is after all a contract. Words cannot be taken out of context and a contract must be read so as to give effect to all of its various parts.
In the clause immediately preceding the reduction clause in the uninsured motorist coverage section of the policy this clause appears entitled "Limits of Liability".
 "The maximum we will pay for each person for all damages arising out of bodily injury resulting from any one accident is the sum of the per person limits shown in the declarations of each vehicle. The maximum we will pay for all damages resulting from any one accident is the sum of the per person accident limits shown in the declaration for each vehicle."
Then the reduction clause appears which as noted says:
 "Any amounts payable for damages under this section will be reduced by all sums paid: . . . (b) payable under a workers' compensation or any similar law. . . ."
In the reduction clause the word "damages" can't be read in isolation but must be placed in the phrase in which it appears — "amount payable for damages under this section" — and in the context of appearing after the language in the immediately preceding "Limits of Liability" section.
I simply agree with the defendant. Read as a whole and in context there is no ambiguity. The reduction section states that the maximum amount payable is the per person policy limit and that payable amount is reduced by workers' compensation. If such is not the appropriate interpretation it is difficult to understand what function the "Limits of Liability" clause serves. CT Page 3301 With the use of the word "amount payable" in the reduction clause and the inclusion of the Limits of Liability" clause it seems clear that the company was setting forth the coverage afforded by the policy and the allowable reductions of that coverage. Of course "coverage" must be for damages as defined in the policy but that would be understood whether the word damages is included after a phrase referring to "amounts payable" or whether it is not so included. "Amounts payable" under the policy is the crucial information the company intends to give the insured and the "amount payable" or the "amount payable for damages" references the coverage afforded by the policy — that is the per person policy limit. Unless this reading is given what exactly does "amount payable" when used with "for damages" mean?
Judgment should be granted in the defendant's favor.
Thomas Corradino, Judge