# SUSAN PLIKUS ET AL. *v.* CONNECTICUT LIGHT AND POWER COMPANY
## (14560)

Spear, Hennessy and Shea, Js.

Argued March 21—officially released July 23, 1996

*Brian T. Henebry,* for the appellant (third party plaintiff).

*Michael D. Colonese*, with whom, on the brief, was *Jeffrey F. Buebendorf*, for the appellee (third party defendant).

HENNESSY, J. The third-party plaintiff, Connecticut Light and Power Company (CL&P), appeals from the judgment of the trial court granting the motion for summary judgment of the third party defendant, Southern New England Telephone Company (SNET). The third party action involves a contract claim. CL&P claims on appeal that the trial court improperly interpreted the contract. We affirm the judgment of the trial court.

This action originated with the complaint of Susan Plikus, an employee of SNET. The complaint named CL&P as defendant and alleged that while acting pursuant to her duties as a SNET employee, Plikus suffered personal injuries in a fall from a utility pole jointly owned by CL&P and SNET. SNET then brought an intervening complaint against CL&P seeking reimbursement of workers' compensation benefits that it had paid Plikus. CL&P responded with a third party complaint against SNET alleging that, pursuant to article thirteen of a 1936 contract between the companies, SNET must indemnify CL&P in the amount of any judgment and pay its attorney's fees and costs arising from Plikus' action. Article thirteen of the contract provides in pertinent part: "Whenever any liability is incurred by either of the parties for damages for injuries to the employees . . . of either party . . . arising out of the joint use of poles under this agreement . . . the liability for such damages as between the parties shall be as follows: (a) Each party shall be liable for all damages for such injuries to persons or property caused by its sole negligence or by its sole failure to comply at any time with the specifications herein provided for. (b) Each party shall be liable for all damages for such injuries to its own employees or its own property that are caused by the concurrent negligence of both parties hereto, or

that are due to causes that cannot be traced to the sole negligence of either party hereto. . . . (f) In the adjustment between the parties hereto of any claim for damages arising hereunder, the liability assumed hereunder by the parties shall include in addition to the amounts paid to the claimant, all expenses incurred by the parties in connection therewith, which shall comprise costs, attorney's fees, disbursements and other proper charges and expenditures."

Prior to trial, both Plikus and SNET withdrew their actions against CL&P. SNET then moved for summary judgment on CL&P's claim against SNET involving the 1936 contract. In its motion, SNET claimed that article thirteen contains a condition precedent that requires CL&P to pay damages for injuries to a SNET employee before it can recover under article thirteen of the contract. SNET argued that because that condition was not met, CL&P cannot recover under the contract. CL&P claims that the costs it incurred in defending the action brought by Plikus satisfy the condition precedent and that it may, therefore, recover those costs under the contract. The trial court found that the condition precedent requires a finding that CL&P is liable to Plikus and that, because that condition was not satisfied, CL&P cannot recover under the contract. We agree with SNET's interpretation of the contract and affirm the judgment of the trial court on that ground.

We first determine our standard of review on appeal. If a contract contains definitive language, "the determination of what the parties intended by their contractual commitments is a question of law" subject to plenary review by this court. (Internal quotation marks omitted.) *Gateway Co.* v. *DiNoia*, 232 Conn. 223, 229–30, 654 A.2d 342 (1995). We conclude that the contract in this case contains definitive language and, therefore, that the interpretation of the lease is subject to plenary

review. See *Kathuria* v. *Purcell*, 40 Conn. App. 227, 230–31, 670 A.2d 889 (1996).

Next, we examine the intent of the contract. CL&P agrees that this contract contains a condition precedent, but urges us to construe the condition so as to avoid unreasonable and irrational results. CL&P focuses on the following emphasized language of article thirteen: "Whenever *any liability is incurred* by either of the parties for damages for injuries to the employees . . . of either party . . . ." (Emphasis added.) CL&P argues that it incurred liability in defending the action against Plikus in the form of legal fees and costs. It contends that this interpretation is consistent with subsection (f) of article thirteen, which states that the liability assumed shall include attorney's fees.

SNET focuses its claim on the following emphasized language of article thirteen: "Whenever any *liability is incurred by either of the parties for damages for injuries* to the employees . . . of either party . . . ." (Emphasis added.) SNET contends that article thirteen is not applicable until CL&P incurs liability "for damages for injuries." It argues that summary judgment was proper because CL&P never paid any money damages to the plaintiff as compensation for her injuries. SNET further contends that this interpretation is buttressed by the following emphasized language from subsection (f) of article thirteen: "[T]he liability assumed hereunder by the parties shall include *in addition to the amounts paid to the claimant,* all expenses incurred by the parties in connection therewith, which shall comprise costs, attorney's fees . . . ." (Emphasis added.) SNET claims that this language presupposes that the claimant has been paid something before attorney's fees and costs will be due and that those expenses were incurred in connection with a payment made to the claimant.

"In determining the meaning and effect of the controverted language in [a contract], the inquiry must focus on the intention expressed in the [contract] and not on what intention existed in the minds of the parties." (Internal quotation marks omitted.) *Gateway Co.* v. *DiNoia,* supra, 232 Conn. 231. "When the plain meaning and intent of the language is clear, a clause in a written [contract] cannot be enlarged by construction. There is no room for construction where the terms of the writing are plain and unambiguous, and it is to be given effect according to its language." (Internal quotation marks omitted.) Id., 232. Furthermore, "[e]very provision of the contract must be given effect if it can reasonably be done, because parties ordinarily do not insert meaningless provisions in their agreements." *Connecticut Co.* v. *Division 425,* 147 Conn. 608, 617, 164 A.2d 413 (1960); see also *Ceci* v. *National Indemnity Co.,* 225 Conn. 165, 175–76, 622 A.2d 545 (1993); *Shawmut Bank Connecticut, N.A.* v. *Connecticut Limousine Service, Inc.,* 40 Conn. App. 268, 273, 670 A.2d 880 (1996).

CL&P's interpretation of the contract requires us to ignore the language "for damages for injuries." It is clear, however, from the plain and unambiguous language of the contract that the condition requires that liability must be incurred "for damages for injuries." The only liability that CL&P claims it has incurred is for attorney's fees and costs. CL&P has incurred no damages for injuries and, therefore, has failed to meet the condition precedent set forth in article thirteen.

Additionally, the condition precedent has not been met by the payment of damages, in the form of workers' compensation benefits, by SNET to Plikus, its employee. Such an interpretation would allow CL&P to recover attorney's fees and costs pursuant to subsection (f) because SNET has paid damages to its own employee. It would also defy common sense and be inconsistent with subsection (b), which provides that

"[e]ach party shall be liable for all damages for such injuries to its own employees . . . that are caused by the concurrent negligence of both parties hereto, or that are due to causes which cannot be traced to the sole negligence of either party hereto." The evident purpose of article thirteen, read as a whole, is to restrict the right of indemnification between the parties with respect to employee injuries, for which workers' compensation liability would ordinarily be incurred, to those instances in which one party has become liable to its employee for injuries caused by the sole negligence of the other party. Furthermore, subsection (f) provides that the only expenses that a party may recover are those incurred in connection with a payment to a claimant. CL&P has not made any payment to the claimant and, thus, could not have incurred any expenses in connection therewith. Hence, both subsections (b) and (f) support our conclusion that CL&P must have paid damages for injuries to the claimant before it could recover under the contract.

The judgment is affirmed.

In this opinion the other judges concurred.