SNYDERGENERAL CORPORATION *v.* LEE PARCEL 6 ASSOCIATES LIMITED PARTNERSHIP ET AL. (14392)

Dupont, C. J., and Lavery and Hennessy, Js.

---

Argued May 29—officially released September 10, 1996

*Dennis C. Cavanaugh*, for the appellant (third party plaintiff).

*Bernard Pellegrino*, for the appellees (third party defendants AMA/Connecticut Funding Corporation et al.).

HENNESSY, J. The defendant-third party plaintiff, Mayeda, Inc. (Mayeda), brought an action by cross complaint seeking to foreclose a mechanic's lien on property known as Lee Parcel 6 in New Haven.[1] Between November 7, 1990, and September 26, 1991, Mayeda provided services and materials pursuant to a subcontractor agreement with a general contractor, Schnip Building Company (Schnip). After Mayeda began furnishing the services and materials, the third party defendants, Sumitomo Bank and Trust, Ltd. (Sumitomo),[2] and the Norwich Savings Society (Norwich) recorded mortgages on

[1] After Mayeda recorded the mechanic's lien, it filed a voluntary petition for bankruptcy. The bankruptcy court trustee now pursues Mayeda's interests.

[2] AMA/Connecticut Funding Corporation (AMA) is the successor in interest to the Sumitomo mortgage.

the subject property. Mayeda claims that its mechanic's lien has priority over both mortgages. The third party defendants argue that Mayeda's mechanic's lien is invalid because Mayeda waived its rights to assert a mechanic's lien in the subcontractor agreement with Schnip. The trial court determined that Mayeda had waived its rights and rendered a judgment of strict foreclosure in favor of the plaintiff mortgagee. The sole issue on appeal is whether the trial court properly determined that Mayeda had waived its rights to assert a mechanic's lien.

Mayeda argues first that the clear and unambiguous language of the agreement provides for partial waivers until final payment, at which time Mayeda was obligated to proffer a full waiver. Alternatively, Mayeda argues that if the contract is ambiguous, the trial court's decision is incorrect in light of undisputed evidence establishing that the parties intended partial, rather than full, lien waivers. Because we conclude that the agreement is unambiguous, we do not reach Mayeda's alternative claim.

The subcontractor agreement has three relevant provisions. Section IV, paragraph three provides: "The Subcontractor shall, with the second and each succeeding monthly request for payment submit receipts and/or an affidavit and Waiver of Lien showing all payments made for labor and materials and on [sic] account of all work covered in the previous month's request for payment. Such Waiver shall also be submitted by the Subcontractor's suppliers and Subcontractors if required." Section IV, paragraph six provides: "Subcontractor covenants and agrees that he shall not at any time file any lien or notice of claim to a lien of any kind or nature whatsoever, not [sic] permit the same to be filed for work performed or materials furnished pursuant to the terms of this agreement or any modification hereof, or for any extra work performed or materials furnished or for

any other reason or upon any ground whatsoever, and Subcontractor does hereby waive and relinquish the right to any and all liens or claim of liens as may be permitted or provided for by any provision of law and agrees to execute any and all documents requested by the Contractor regarding said Waiver of Lien." Finally, paragraph nine of "Rider A" to the agreement essentially restates paragraph three; it provides the following: "Your attention is also called to Section IV, Paragraph 3 of the Agreement—'The Sub-contractor shall, with the second and each succeeding monthly request for payment submit receipts and/or an affidavit and Waiver of Lien showing all payments made for labor and materials and on [sic] account of all work covered in the previous month's request for payment. Such waivers shall also be submitted by the Sub-contractor's suppliers and subcontractors if required.' THIS PARAGRAPH WILL BE RIGIDLY ENFORCED."

The trial court concluded that the agreement contains clear and definitive language and that the provisions of the agreement can be read together. The trial court stated that paragraph three of § IV and paragraph nine of Rider A address the concerns of lenders and apply to subcontractors who supply labor and material to Mayeda, while paragraph six of § IV serves to waive Mayeda's lien rights.

Mayeda claims that a reasonable construction of these provisions is that it agreed to supply partial waivers until it received full payment, at which time it would execute a full waiver. Mayeda contends that because the two provisions are in apparent conflict, the trial court should have adopted this reasonable construction of the provisions. Mayeda next claims that the language of paragraph six, which provides that Mayeda agrees to execute additional documents concerning the waiver as requested by the contractor, signifies that paragraph six is not intended to be a present full waiver, but

one that will occur upon the execution of additional documents. Mayeda also contends that the trial court's interpretation of the contract is improper because an interpretation that paragraph six is a full waiver renders the partial waiver provisions meaningless. Finally, Mayeda argues that its interpretation of the contract is more equitable because otherwise the ultimate owners of the property will receive the benefit of Mayeda's work without payment.

If a contract contains definitive language, "the determination of what the parties intended by their contractual commitments is a question of law" subject to plenary review by this court. (Internal quotation marks omitted.) *Gateway Co.* v. *DiNoia*, 232 Conn. 223, 229, 654 A.2d 342 (1995). The trial court's memorandum of decision reveals that the trial court found the agreement clear and definitive. We also conclude that the agreement contains definitive language and, therefore, that the interpretation of the agreement is subject to plenary review. See *Kathuria* v. *Purcell*, 40 Conn. App. 227, 230–31, 670 A.2d 889 (1996).

"In determining the meaning and effect of the controverted language in the [agreement], the inquiry must focus on the intention expressed in the [agreement] and not on what intention existed in the minds of the parties." (Internal quotation marks omitted.) *Gateway Co.* v. *DiNoia*, supra, 232 Conn. 231. "When the plain meaning and intent of the language is clear, a clause in a written [agreement] cannot be enlarged by construction. There is no room for construction where the terms of a writing are plain and unambiguous, and it is to be given effect according to its language." (Internal quotation marks omitted.) Id., 232. Finally, "[e]very provision of the contract must be given effect if it can reasonably be done, because parties ordinarily do not insert meaningless provisions in their agreements." *Connecticut Co.* v. *Division 425*, 147 Conn. 608, 617,

164 A.2d 413 (1960); see also *Ceci* v. *National Indemnity Co.*, 225 Conn. 165, 175–76, 622 A.2d 545 (1993).

While Mayeda claims that paragraph six is merely an agreement to provide a full waiver sometime in the future, the language of that paragraph does not support that conclusion. Paragraph six uses the word "hereby." "Hereby" is an adverb meaning "by virtue of this act" or "by this means." The American Heritage Dictionary of the English Language, New College Edition; Merriam-Webster's Collegiate Dictionary (10th Ed. 1993). Thus, in paragraph six, Mayeda, by virtue of the agreement, "waive[d] and reliquishe[d] the right to any and all liens or claim of liens as may be permitted or provided for by any provision of law . . . ." The remaining portion of the paragraph is simply a promise by Mayeda to execute additional documents that acknowledge this waiver. Any other interpretation of paragraph six violates this plain and unambiguous intent as expressed by the language.

Mayeda claims that this interpretation renders paragraph three of § IV and paragraph nine of Rider A meaningless. We disagree because we interpret paragraph three of § IV and paragraph nine of Rider A as pertaining to waivers from second tier subcontractors, those who supply labor and materials to Mayeda, rather than from Mayeda to Schnip. We interpret the provision as follows. The first sentence requires that when Mayeda requests payments, it provide Schnip with either or both of the following: (1) receipts showing all payments made by Mayeda for labor and materials; (2) an affidavit and lien waiver showing all payments made by Mayeda for labor and materials.[3] The intent of this sentence is to ensure that Mayeda has paid those who have provided labor

---

[3] The provision also provides that Mayeda must submit an account of all work covered in the previous month's request for payment. This clause is not pertinent to our resolution of this case.

and materials to it before it receives payment for that work. The receipts, affidavit and lien waiver serve as protection against second tier subcontractors' asserting mechanic's liens. Without this provision, Mayeda could receive payment and then not pay those who supplied it with materials and labor, leaving the property subject to a mechanic's lien. See *Seaman* v. *Climate Control Corp.*, 181 Conn. 592, 596–97, 436 A.2d 271 (1980).

Mayeda contends that the reference to a lien waiver in the first sentence pertains to partial lien waivers that it would proffer to Schnip. Mayeda's interpretation is inconsistent with other references in the same sentence. The first sentence of paragraph three provides that the subcontractor shall submit a lien waiver "showing all payments made for labor and materials." While the agreement does not expressly state who is paying for this labor and material, it is clear that these payments would be made by Mayeda to its suppliers and subcontractors. Thus, the plain meaning of the agreement requires Mayeda to submit lien waivers from its suppliers and subcontractors. This interpretation of the sentence is buttressed by the second sentence of the paragraph.

The second sentence begins with the words "such waivers," which refers to the previous sentence. The sentence states that Mayeda's suppliers and subcontractors may also be required to submit lien waivers concerning labor and material covered in the previous month's billing period. The lien waivers would be required if the second tier subcontractors had employed third tier subcontractors. The effect of the provision as a whole is to ensure that all subcontractors and suppliers are paid, thus avoiding the possibility of mechanic's liens. This interpretation of paragraph three of § IV and paragraph nine of Rider A does not contravene the clear and present waiver of lien by Mayeda in paragraph six of the agreement.

We conclude that paragraph six of the agreement is a clear and unambiguous waiver of lien by Mayeda and that nothing in the remainder of the agreement contravenes this interpretation of paragraph six.

The judgment is affirmed.

In this opinion the other judges concurred.