## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Michael Anthony Parnell,
an Infant,
by Margie A. Parnell,
his next friend

v.

Nationwide Mutual Ins. Co.

July 23, 1998

Case No. (Law) 97-391

BY JUDGE JAMES W. HALEY, JR.

Paige Butler, Inc., a corporation, owned a 1986 Mazda pick-up truck which it permitted its employee, Tony Parnell, to use for both business and pleasure purposes. The pick-up was garaged at Tony Parnell's residence, an address different from that of Paige Butler's corporate offices. Tony Parnell alone used the truck.

On September 2, 1995, Michael Parnell, Tony Parnell's son and a resident of his household, was injured in an automobile accident, not involving the 1986 Mazda.

Michael claims he is entitled to uninsured/underinsured ("UM/UIM") coverage under a "Business Auto Policy" issued by Nationwide Mutual Insurance Company applicable to the 1986 Mazda. The issue of coverage has been raised by a declaratory judgment action.

Under the Nationwide Business Auto Policy, the named insured is Paige Butler, Inc., designated as a corporation. The policy defines "you" and "your" as the organization shown as the named insured. Insured, however, is more expansive than named insured. Insured is defined in the "Who Is Insured" section as you (Paige Butler) "and anyone else ... using [the 1986 Mazda] with your permission ... .", *e.g.*, Tony Parnell, Paige Butler's employee.

The last three pages of the Business Auto Policy contain the UM/UIM endorsement. Under paragraph D of that endorsement, "Who Is Insured" is

defined as "you, or *any family member*" (emphasis added). It is upon the italicized phrase that Michael maintains the policy is ambiguous and that, under familiar principles and Va. Code § 38.2-2206 mandating UM/UIM coverage, this ambiguity must be construed against Nationwide and accordingly affords him the requested coverage. See, *Bryant v. State Farm Mut. Auto. Ins. Co.*, 205 Va. 897, 140 S.E.2d 817 (1965).

Va. Code § 38.2-2206 mandates UM/UIM coverage to insureds, there defined as here relevant: "the *named* insured, and while resident of the same household, the spouse of the *named* insured, and relatives ... of either ... ." (emphasis supplied). As noted above, Paige Butler, Inc., alone is the named insured. Michael Parnell is neither related to Paige Butler, Inc., nor resides at Paige Butler's corporate address. Likewise, "family members" is defined in the policy as "a person related to the *named* insured by blood ... who is a resident of the *named* insured's household ... ." (emphasis supplied). Again, Michael is not encompassed within this definition.

Va. Code § 38.2-2206 also defines as insured, and mandates UM/UIM coverage to, permissive users and occupiers of "the motor vehicle to which the policy applies ... ." That vehicle is the 1986 Mazda. As noted above, Michael was injured in an accident not involving the 1986 Mazda pick-up. Since Michael was neither a permissive user nor occupier of that vehicle, UM/UIM coverage did not extend to him. See, *Stone v. Liberty Mut. Ins. Co.*, 253 Va. 12, 18, 478 S.E.2d 883, 887 (1997).

The court concludes that the phrase "or any family member" in the UM/UIM endorsement constitutes surplusage not ambiguity. This conclusion is in accord with the majority of reported cases. See, 96 A.L.R. 3d 804 and particularly *Ceci v. National Indemnity Co.*, 603 A.2d 412 (Conn. 1992).

Judgment is granted in favor of Defendant, Nationwide Mutual Insurance Company.