DEBRA ANN P. AGOSTO, ADMINISTRATRIX (ESTATE OF JORGE A. AGOSTO) *v.* AETNA CASUALTY AND SURETY COMPANY
(15537)

Borden, Berdon, Norcott, Palmer and McDonald, Js.

Argued November 5—officially released December 31, 1996

*Eugene P. Falco*, with whom were *Dennis A. Santore* and, on the brief, *Ann Marie Groppo*, for the appellant (plaintiff).

*Louis B. Blumenfeld,* with whom was *Lorinda S. Coon,* for the appellee (defendant).

BERDON, J. This appeal presents nearly the same issue, with a slightly different factual basis, that we decided today in the companion case of *Hansen* v. *Ohio Casualty Ins. Co.,* 239 Conn. 537, 687 A.2d 1262 (1996). Specifically, the sole issue in this appeal is whether, under the facts of this case, the estate of the decedent, Jorge A. Agosto, is entitled to underinsured motorist benefits, as a covered insured, pursuant to the automobile liability insurance policy (policy) issued to the decedent's employer, the state of Connecticut (state). The policy was issued to the state in order to insure the fleet of state police and division of criminal justice vehicles, as well as various other state vehicles. This policy also contained an uninsured/underinsured motorist endorsement (uninsured motorist endorsement). The plaintiff, Debra Ann P. Agosto, as administratrix of the estate of her husband, brought an action to recover underinsured motorist benefits, as a result of his death, under the policy issued by the defendant, Aetna Casualty and Surety Company. The defendant filed a motion for summary judgment claiming that the decedent was not a covered insured under the uninsured motorist endorsement issued to the state. The trial court granted the motion and rendered summary judgment for the defendant. The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We now reverse.

The undisputed facts are as follows. The decedent, in his official capacity as a state trooper, effected a traffic stop of a vehicle on the highway. The decedent exited his police cruiser and proceeded to approach the stopped vehicle at the side of the road when a third vehicle struck and killed him. After exhausting the tortfeasor's motor vehicle liability policy, the plaintiff

brought an action against the defendant for underinsured motorist benefits. The trial court granted the defendant's motion for summary judgment, finding that the uninsured motorist endorsement issued to the state was not ambiguous, and that the decedent did not fall within the definitions of an insured. The trial court found that the only way that the decedent could have been an insured covered by the uninsured motorist endorsement was if he was "occupying"[1] his vehicle, as defined by the uninsured motorist endorsement, at the time of his fatal accident.

The plaintiff claims that the trial court improperly concluded that the uninsured motorist endorsement was unambiguous. The plaintiff essentially argues that the policy was ambiguous because it contained language oriented toward both individuals and family members and, therefore, it should be construed in favor of coverage for the plaintiff's decedent. Within the context of an uninsured motorist endorsement issued to a corporation, we addressed this very same policy language in *Hansen* v. *Ohio Casualty Ins. Co.*, supra, 239 Conn. 537, and, for the reasons set forth therein, we reverse the judgment of the trial court in this case. Because the uninsured motorist endorsements are practically identical,[2] we see no reason to distinguish this

---

[1] "Occupying," according to the definition in the policy's uninsured motorist endorsement, "means in, upon, getting in, on, out or off" a covered auto.

[2] The uninsured motorist endorsement of the policy issued to the state provided in relevant part:

"A. COVERAGE

"1. We will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.' *The damages must result from 'bodily injury' sustained by the 'insured' caused by an 'accident.'.* . .

"B. WHO IS AN INSURED

"1. *You.*

"2. *If you are an individual, any 'family member.'*

"3. Anyone else 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto.' The covered 'auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.

case from *Hansen* on the ground that this policy was issued to a governmental entity, the state, as opposed to a corporation. The same problematic language exists here.[3] On the basis of our reasoning in *Hansen*, the defendant in the present case should not have issued an uninsured motorist endorsement containing language referring to individuals and family members when the named insured was a governmental entity. The plaintiff's decedent is entitled to coverage under the uninsured motorist endorsement.

The judgment is reversed and the case is remanded to the trial court for further proceedings according to law.

In this opinion the other justices concurred.

"4. Anyone for damages he or she is entitled to recover because of 'bodily injury' sustained by another 'insured.'

"C. EXCLUSIONS

"This insurance does not apply to any of the following . . .

"3. 'Bodily injury' sustained by you or any 'family member' while 'occupying' or struck by any vehicle owned by you or any 'family member' that is not a covered 'auto.' . . .

"F. ADDITIONAL DEFINITIONS . . . .

"1. 'Family member' means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.

"2. 'Occupying' means in, upon, getting in, on, out or off. . . ." (Emphasis added.)

[3] Although the plaintiff's decedent was not the purchaser of the policy; see *Ceci v. National Indemnity Co.*, 225 Conn. 165, 175 n.6, 622 A.2d 545 (1993); the reasonable expectations of the intended beneficiaries, such as the decedent in this case, are relevant. "In general, courts will protect the reasonable expectations of applicants, insureds, and *intended beneficiaries* regarding the coverage afforded by insurance contracts . . . ." (Emphasis added.) R. Keeton & A. Widiss, Insurance Law (1988) § 6.3 (a) (3), p. 633. The plaintiff's decedent was in essence a third party beneficiary of the insurance policy between the state and the defendant and, therefore, is entitled to stand in the shoes of the state with respect to reasonable expectations. Moreover, "when a corporate or *governmental* entity is identified as the named insured in an insurance policy that uses coverage terms appropriate for coverage issued to *individuals*, courts chastise insurers for employing those forms rather than using coverage terms that are appropriate for insurance policies issued to various types of businesses or *governmental* entities." (Emphasis added.) 3 A. Widiss, Uninsured and Underinsured Motorist Insurance (2d Ed. 1995) § 33.3, p. 70.