[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#116)
This is an action by the plaintiffs, Miguel Martinez and Patricia Zamora, against the defendant, Safeco Insurance Company of America, Inc., to collect uninsured motorist benefits to which the plaintiffs allege they are entitled. On July 28, 1997, the defendant filed a motion for summary judgment with supporting documentation and an affidavit. The plaintiffs have replied with a memorandum and affidavits in opposition.
Summary judgment is appropriate only "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994).
The following facts are undisputed: On September 26, 1993, the plaintiffs were involved in a minor motor vehicle accident. Zamora was driving the vehicle involved in the minor accident. The car, however, was owned and insured by Augusto Hernandez. CT Page 13432 Martinez was a passenger in that car. Following this mishap, the plaintiffs, pursuant to a police officer's instruction, were sitting in the back of a police cruiser. While the plaintiffs were seated in the cruiser, the cruiser was struck in the rear by an uninsured motorist not party to this action.
The plaintiffs applied to the defendant for uninsured motorist benefits under Hernandez's policy. The applications for benefits were refused by the defendant.
The subject policy states: "We will pay compensatory damages which an `insured' is legally entitled to recover from the owner or operator of an `uninsured motor vehicle' because of `bodily injury' . . . [s]ustained by an `insured'; and . . . [c]aused by an accident. . . ."
The policy further states, in relevant part: "`Insured' as used in this [p]art means . . . [y]ou or any `family member' [or] . . . [a]ny other person `occupying' `your covered auto.'" The definition section of the policy defines "you" as "[t]he `named insured' shown in the Declarations. . . ." "occupying" is defined as "in, upon, getting in, on, out or off."
The only named insured on the declarations page is Hernandez. Zamora, however, is listed as a driver on the application for insurance submitted to the defendant by Hernandez. In fact, the application contains a handwritten sentence stating: "Note that insured is owner of this vehicle[,] but is not driver. Vehicle driven exclusively by Patricia Zamora as listed." Martinez is nowhere listed on the documents provided.
The defendant argues, without citation, that summary judgment should be granted against Zamora because "[t]he [p]laintiff does not appear as a named insured" on the policy and therefore "does not meet the definition of a covered person under [the uninsured section of] the [subject] policy."
"It is the function of the court to construe the provisions of the contract of insurance. . . . An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy. . . . The determinative question is the intent of the parties, that is, what coverage the . . . [plaintiff] expected to receive and what the defendant was to CT Page 13433 provide, as disclosed by the provisions of the policy. . . ." (Citations omitted.) O'Brien v. United States Fidelity GuarantyCo., 235 Conn. 837, 842, 669 A.2d 1221 (1996).
In the present case, notably missing is an affidavit from Hernandez indicating what his understanding was regarding Zamora's coverage under the policy. It is undisputed that Zamora is not listed on the Declarations page of the policy. Nevertheless, the handwritten remarks on the application for insurance is enough to convince the court that there exists a genuine issue of material fact. That fact is whether it was understood and intended by Hernandez and the defendant that Zamora be entitled to uninsured motorist benefits. In other words, there is genuine issue of material fact whether Zamora is an "insured" as defined in the subject policy. See Picataggio v.Romeo, 36 Conn. App. 791, 794, 654 A.2d 382 (1995). ("A question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment.")
The defendant argues, again without citation,[1] that Martinez is also not a "covered person" under the policy. The plaintiffs admit that Martinez is not a named insured in the subject policy. The plaintiffs argue, however, that Martinez fits the portion of the policy that defines an insured as "[a]ny other person `occupying' `your covered auto'." The issue presented is simply whether Martinez's presence in the police cruiser at the time of the accident constituted "occupying" the "covered auto" such that he is an "insured" as defined by the insurance policy.
The plaintiffs cite Allstate Insurance Co. v. Howe,31 Conn. App. 132, 623 A.2d 1031, cert. denied, 226 Conn. 911,628 A.2d 983 (1993), as supporting their argument. In Allstate, the court examined the meaning of "`in, on, getting into or out of' the insured vehicle." Id., 137. The appellate court held that the trial court had improperly denied an injured passenger underinsured motorist benefits. Id., 140. The plaintiffs claim that essential to the appellate court's finding was that "[t]he defendant had an intent to reenter the vehicle after a brief interruption in her travels. She was not simply standing by the car. She had exited the car for reasons related to its operation and was returning directly to resume her travels when the accident occurred." Id., 138-39. Therefore, the plaintiffs reason that Martinez is entitled to benefits in the present case because he intended to return to the vehicle in which he was originally CT Page 13434 riding following the hiatus in the police cruiser where he was injured.
The plaintiffs ignore, however, the language in Allstate that states that: "the defendant's actual physical contact with the . . . vehicle at the time of the accident would . . . appear to afford coverage." Id., 138. This language indicates Allstate
is inapplicable to the present case. Here, Martinez was "occupying" a completely different vehicle than the one owned by the policy holder. Martinez was not in "actual physical contact" with the covered vehicle.
The plaintiff also argues that Agosto v. Aetna Casualty Surety Co., 239 Conn. 549, 687 A.2d 1267 (1996), applies to the present case because the definition of "`occupying' [in Agosto] was identical to the instant case."
In Agosto, the Supreme Court reversed a trial court's ruling denying uninsured motorist benefits to a police officer. Agostov. Aetna Casualty Surety Co., supra, 239 Conn. 552. The basis of the Court's decision was that the "uninsured motorist endorsement [contained] language referring to individuals and family members when the named insured was a governmental entity." Id. This limited issue and holding does not apply to the present case.
"If the words in the policy are plain and unambiguous the established rules for the construction of contracts apply, the language . . . must be accorded its natural and ordinary meaning, and courts cannot indulge in a forced construction ignoring provisions or so distorting them as to accord a meaning other than that evidently intended by the parties." O'Brien v. UnitedStates Fidelity Guaranty Co., supra, 235 Conn. 842.
The policy defines "occupying" as "in, upon, getting in, on, out or off." It is undisputed that Martinez was sitting in the police cruiser at the time of the accident giving rise to the present action. Martinez was not "in, upon, getting in, on, out or off" the Hernandez vehicle. The plaintiffs are asking this court to extend the definition of "occupying" far beyond "its natural and ordinary meaning." The court will not do so. Therefore, Martinez is not an "insured" as defined in the policy.
There is no genuine issue of material fact regarding whether Martinez meets the definition of "insured" as set forth in the CT Page 13435 insurance policy. As a matter of law, Martinez is not entitled to benefits under the Safeco policy.
Based on the above discussion, the defendant's motion for summary judgment against the plaintiff Patricia Zamora is denied. The defendant's motion for summary judgment against the plaintiff Miguel Martinez is granted.
KARAZIN, J.