[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Jeffrey Scofield, filed a two-count amended complaint on August 2, 2001, against the defendants, AIU Insurance Company (AIU) and West American Insurance Company (West American), alleging the following facts. On May 2, 1997, the plaintiff sustained injuries while riding his bicycle resulting in permanent disabilities when he was struck by an automobile driven by an underinsured motorist, Daniel Harper. At the time of the accident, the plaintiff was a minor and resided with his grandmother and his father in New Fairfield. The plaintiff's grandmother was insured at the time of the incident by AIU and the plaintiff's father's employer, AAW Guaranty Pest Elimination (Guaranty Pest), was insured by West American. The plaintiff claims both AIU and West are responsible for compensation to the plaintiff under their underinsured motorist coverage. Both West and AIU have not tendered any payment to the plaintiff.
West American filed a motion for summary judgment as to count two, which is directed to it, on August 8, 2001, arguing that the plaintiff was not insured under its policy at the time of the accident. The plaintiff filed a motion in opposition to summary judgment on November 1, 2001. Utica Mutual Insurance Co., which insured Harper, the alleged tortfeasor, has already provided payment of the available limits of the policy.
 DISCUSSION
Summary judgment is appropriate only "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing CT Page 2759 such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
West American argues that there is no genuine issue of material fact and it is entitled to judgment as a matter of law because the plaintiff was never insured under its policy. Specifically, West American argues its policy is a business automobile policy, insuring a fleet of automobiles owned and operated by Guaranty Pest, the plaintiff's father's employer. The policy was issued to the corporation, not individually to any of its employees, including the plaintiff's father, or their family members. West American argues that because the accident did not pertain to the employment of the plaintiff's father at Guaranty Pest or involve a Guaranty Pest automobile, it is entitled to judgment as a matter of law because the plaintiff was not an insured within the meaning of the policy.
The plaintiff argues in opposition that there exists a genuine issue of material fact as to whether he is covered under the policy of West American. Specifically, he argues that even though the policy was issued to Guaranty Pest, the corporation where his father was employed, the use of family or individual-oriented language in the policy has created an ambiguity as to whether he was also covered under the policy for being a family member of an employee of Guaranty Pest. Relying on such cases asHansen v. Ohio Casualty Insurance Co., 239 Conn. 537, 687 A.2d 1262
(1996); Agosto v. Aetna Casualty Surety Co., 239 Conn. 549, 687 A.2d 1267
(1996); and Ceci v. National Indemnity Co., 225 Conn. 165, 622 A.2d 545
(1993), the plaintiff argues that any reference to family members in a business policy issued to a corporation is ambiguous and such ambiguity should be construed against the insurer.
The policy at issue contains family or individual-oriented language identical to that present in Hansen.[1] As in Hansen, "[t]he plaintiff essentially argues that the individual oriented and family oriented language throughout the uninsured motorist endorsement, and elsewhere in the policy, renders the policy ambiguous and creates uncertainty about who constitutes the `You' covered as an insured under the uninsured motorist endorsement. . . . [T]he plaintiff argues that because the policy is ambiguous, it should be construed against the insurer and in favor of coverage for the plaintiff's [father]." Hansen v. Ohio CasualtyInsurance Co., supra, 239 Conn. 542.
West American argues that this case is factually and legally distinguishable from the Supreme Court cases relied on by the plaintiff. Specifically, West American argues that the three Supreme Court cases CT Page 2760 cited above should be limited to their fact patterns. West American concedes that the "Who Is An Insured" clause contained in its policy is identical to the one present in Hansen, where the Supreme Court finds that the use of family or individually-oriented language creates an ambiguity as to whether family members of the company are also covered in the business policy. It argues, however, that the holding of Hansen
should be limited to its fact pattern, where the corporation was a closely held corporation owned by the plaintiff and her decedent husband. West American argues that the same limitation should apply to the holding of Ceci. In contrast, West American argues that this case presents no such fact pattern of a closely held corporation, where the corporation and its members may appear to be the same to a layperson. According to West American, there can by no ambiguity in this case because Guaranty Pest was not a closely held corporation. In this context, West American argues that neither the plaintiff nor his father could have a reasonable expectation of coverage from its policy, which arguably could be the case if the plaintiff's father were a member of a closely held corporation. To support its argument, the plaintiff presents language from the depositions of the plaintiff and his father to show neither of them had any expectation of coverage from West American.
The court disagrees with the plaintiff's argument in view of the explicit and sweeping holdings of the Supreme Court in Ceci, Hansen, andAgosto. "Because corporations do not have families, uninsured motorist endorsements containing family member language should not be appended to business automobile liability insurance policies. If they are, then, in keeping with the consumer oriented spirit of the rules of insurance policy construction, the claimed ambiguity should be construed from the standpoint of the reasonable layperson in the position of the insured and not according to the interpretation of trained underwriters." Ceci v.National Indemnity Co., supra, 225 Conn. 174-75. "It is a basic principle of insurance law that policy language will be construed as laymen would understand it and not according to the interpretation of sophisticated underwriters, and that ambiguities in contract documents are resolved against the party responsible for its drafting; the policy holder's expectations should be protected as long as they are objectively reasonable from the layman's point of view. . . . The premise behind the rule is simple. The party who actually does the writing of an instrument will presumably be guided by his own interests and goals in the transaction. He may choose shadings of expression, words more specific or more imprecise, according to the dictates of these interests. . . . A further, related rationale for this rule is that [s]ince one who speaks or writes, can by exactness of expression more easily prevent mistakes in meaning, than one with whom he is dealing, doubts arising from ambiguity are resolved in favor of the latter." Hansen v. Ohio Casualty InsuranceCo., supra, 239 Conn. 544. "On the basis of our reasoning in Hansen, the CT Page 2761 defendant in the present case should not have issued an uninsured motorist endorsement containing language referring to individuals and family members when the insured was a governmental entity. The plaintiff's [father] is entitled to coverage under the uninsured motorist endorsement." Agosto v. Aetna Casualty Surety Co., supra, 239 Conn. 549.
It is clear that the holdings in the three Supreme Court cases quoted above are not limited to their fact patterns. The inclusion of the family oriented language in the insurance policy creates an ambiguity as to whether the employees of Guaranty Pest and their family members were also covered under the policy, such an ambiguity in the policy is construed against West American, the drafter of the policy.
The motion for summary judgment as to count two is hereby denied.
White, J.